IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIRO DANIEL VENTA GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MOSHANNON VALLEY PROCESSING CENTER,<br><br>Respondents. | 3:26-CV-00379-CCW |

**ORDER**

Before the Court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a citizen of Venezuela, is currently detained at Moshannon Valley Processing Center. ECF No. 1 at 1, 2 ¶ 6. The Petition does not specify when or how Petitioner entered the United States. *See generally* ECF No. 1. However, based on excerpts from documents from Petitioner's immigration proceedings that are included within the Petition, it appears that Petitioner entered the United States at some point in late 2022 or 2023.[1] Petitioner applied for asylum and withholding of removal, and received temporary employment authorization while his application was pending. *Id.* at 5–10. Petitioner was detained by U.S. Citizenship and Immigration Services ("ICE") on October 10, 2025. *Id.* at 1.[2] His immigration proceedings are ongoing. He now asserts that he is subject to discretionary detention pursuant to § 1226(a) and not mandatory detention under § 1225(b)(2) and therefore that he is entitled to a bond hearing.[3]

---

[1] The Petition includes an excerpt of a "medical report of torture" documenting emergency medical treatment Petitioner received in Venezuela on November 30, 2022. ECF No. 1 at 17–19. Petitioner applied to the Department of Homeland Security ("DHS") for employment authorization pending disposition of his asylum application on or about November 30, 2023. *Id.* at 6. Therefore, it appears Petitioner entered the United States at some time between November 2022 and November 2023.
[2] The Petition does not specify how or where Petitioner was taken into custody. *See generally* ECF No. 1.
[3] To the extent Petitioner is required to exhaust administrative remedies, the Court finds that exhaustion would be futile in this case in light of the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). This Court joins the overwhelming majority of District Courts to hold that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the Country. *See Singh v. Oddo*, No. 3:25-cv-00429, 2026 WL 73789, *4 (W.D. Pa. Jan. 9, 2026) (Brown, M.J.) (noting "growing consensus"). The Court does not find persuasive the recent decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Petitioner's detention is governed by § 1226(a) and he therefore has a statutory right to a bond hearing.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, as follows:

1. Within seven days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge pursuant to 8 U.S.C. § 1226.

2. IT IS FURTHER ORDERED that if Petitioner does not receive a bond hearing by that date, or if the immigration judge declines to conduct a bond hearing based on *Matter of Yajure Hurtado*, Respondents shall immediately release Petitioner from custody.

3. IT IS FURTHER ORDERED that within seven days of the immigration judge's decision, the parties must file a joint notice on the docket advising the Court of the outcome of the bond hearing.

4.  IT IS FURTHER ORDERED that any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) shall be filed within ten days of this Order.

5.  IT IS FURTHER ORDERED that the Petition is DENIED in all other respects.

DATED this 13th day of March, 2026.

BY THE COURT:

<u>/s/ Christy Criswell Wiegand</u>
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record